THE TOBIN PACKING CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99483. Promulgated February 14, 1941.

*Clement J. Clarke, Jr., Esq.*, for the petitioner.
*William V. Crosswhite, Esq.*, for the respondent.

OPINION.

TURNER: The petitioner's first contention is that a definite and fixed liability in the amount of $34,360.91 accrued in the year 1935. It argues on brief as follows:

* * * The contract agreed upon provided that the Attorneys should get a percentage of the processing taxes which the petitioner was saved. The effect of this contract was that if the petitioner's Attorneys were successful, a portion of the processing taxes would go to the Attorneys instead of the Government. From the first million dollars of processing taxes saved after the execution of the contract, the Attorneys were to receive 5%. The payment of this 5% was a definite and fixed liability of the petitioner, and so far as this 5% was concerned the petitioner was in the position of a stakeholder waiting to see which of two claimants should receive the money. The only contingency, from the standpoint of the petitioner, was as to the other 95% of the processing taxes. Regardless of what happened, the petitioner had a definite fixed liability for 5% of the processing taxes which it was incurring by the processing. This liability was complete at all times and did not depend on some future event.

Therefore, the petitioner argues, the attorneys' fees paid in 1936 are deductible in 1935, under the doctrine enunciated by the Supreme Court in *United States* v. *Anderson*, 269 U. S. 422. The petitioner's second contention is that in order to clearly reflect income this liability must be deducted in 1935, citing section 34 of the Revenue Act of 1934.

On brief the respondent simply contends that in 1935 the petitioner was under no "enforcible liability" to pay the attorneys' fees, advancing no argument or discussion relative to petitioner's alternative liability for processing taxes. He also argues that section 43 of the Revenue Act of 1934 does not permit the deduction in 1935.

We think the respondent erred in disallowing the deduction. It must be conceded that at the end of 1935 the petitioner had incurred a liability for at least the amount of the deduction claimed. It was not known at that time whether it would be paid out as taxes to the Government or as expenses to the attorneys, but in either event it would have been a deductible item. At the end of 1935 all the events had occurred fixing the amount of a definite liability and the contingency settled by the decision of the Supreme Court was that the amount was to be paid to the attorneys instead of the Government. Up to the amount involved here the petitioner's economic position was not and could not have been changed by the decision of the Supreme Court and we do not think the deduction should be denied merely because the obligee could not be identified at the end of the year. To allow the deduction in 1935 clearly reflects income.

Moreover, we do not think this case can be satisfactorily distinguished from *Sanford Cotton Mills, Inc.*, 42 B. T. A. 190. There a cotton processor in 1935 accrued its liability for processing taxes and contracted to readjust its sale price to relieve its vendees of so much

as represented the passing on of the processing tax if and when the tax was held invalid. After the tax was held invalid on January 6, 1936, it canceled the accrual of 1935 taxes and substituted the amount of its contractual liability to its vendees and claimed deductions in its 1935 return for such contractual liability. We held the deduction was proper, stating that "an accrual of either income or outgo which is clearly in doubt may, and often should, be adjusted when shortly thereafter in the next year the doubt is removed." That doctrine is equally applicable to the facts of the present case. Cf. *Cartex Mills, Inc.*, 42 B. T. A. 894, and *Smith Packing Co.*, 42 B. T. A. 1054.

Another issue raised in the petition has been disposed of in the written stipulation of facts as follows:

Counsel for respondent stipulates that the processing taxes disallowed in the amount of $9,264.20 in the deficiency letter shall now be allowed as a deduction in the said amount of $9,264.20. This stipulation is in consideration of an agreement executed this 13th day of May, 1940 by the petitioner that the petitioner shall include in gross income in income tax returns under existing income and profits tax acts or corresponding provisions of future income and profits tax acts, for the year or years received or accrued, depending upon the method of accounting employed, any and all sums paid as taxes under the provisions of the Agricultural Adjustment Act subsequently refunded or credited.

*Decision will be entered under Rule 50.*